## COMMONWEALTH vs. JOSEPH CONSTANTINO.

Middlesex. January 4, 2005. - February 25, 2005.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Motor Vehicle,* Leaving scene of accident, Operating to endanger. *Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Indictment, Argument by prosecutor, Instructions to jury.

At the trial of two indictments charging leaving the scene of an accident resulting in the deaths of two individuals, in violation of G. L. c. 90, § 24 (2) ($a^{1/2}$) (2), the defendant's multiple convictions and sentences violated his privilege against double jeopardy and gave rise to a substantial risk of a miscarriage of justice, where the proper unit of prosecution under the statute was the act of leaving the scene of the accident, not the number of accident victims [523-526]; likewise, the defendant's multiple convictions of operating a motor vehicle so as to endanger violated his privilege against double jeopardy and gave rise to a substantial risk of a miscarriage of justice, where the proper unit of prosecution was the single act of operating the vehicle so as to endanger, not the number of victims of any ensuing accident [526-527].

At a criminal trial, the prosecutor in his closing argument committed no error in commenting fairly on the evidence, and therefore, the defendant's counsel was not ineffective in failing to object to that argument. [527]

At the trial of indictments charging the defendant with, inter alia, leaving the scene of an accident resulting in death, the judge's instructions properly charged the jury with determining whether the defendant was in some way an actor, i.e., a partial cause of the accident in question, and indicated that the defendant was to be acquitted if some other person was the direct or substantial cause of death; because there was no error in the instructions, the defendant's counsel was not ineffective in failing to object to them. [527-529]

INDICTMENTS found and returned in the Superior Court Department on March 4, 2002.

The cases were tried before *Elizabeth B. Donovan,* J., and a motion for a new trial or to dismiss multiple counts of conviction was heard by her.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Peter C. Horstmann* for the defendant.

*Gregory H. Matthews*, Assistant District Attorney, for the Commonwealth.

IRELAND, J. A Superior Court jury convicted the defendant of two indictments charging leaving the scene of an accident resulting in death (G. L. c. 90, § 24 [2] [$a^{1}/_{2}$] [2]). The jury also convicted the defendant of operating a motor vehicle so as to endanger, as lesser included offenses of two vehicular homicide indictments (G. L. c. 90, § 24G [*b*]), and of one indictment charging intimidation of a witness (G. L. c. 268, § 13B). The trial judge denied the defendant's motion to dismiss one indictment charging leaving the scene of an accident resulting in death or for a new trial. The judge sentenced him to two consecutive terms of two and one-half years for leaving the scene of an accident and to probation on the remaining convictions. The defendant appealed, raising a number of errors. We transferred this case from the Appeals Court on our own motion to determine an issue of first impression — whether a driver who causes a single accident in which more than one person is killed and leaves the scene is properly charged, under G. L. c. 90, § 24 (2) ($a^{1}/_{2}$) (2), in one indictment charging leaving the scene of an accident resulting in death or with as many indictments as there are victims. We also consider, inter alia, the defendant's claim that one of his convictions of operating so as to endanger is duplicative. Because we conclude that a driver may be charged only once with leaving the scene of a single accident and operating so as to endanger, we vacate one of the defendant's convictions of each charge as duplicative.

*Facts.*

We summarize the relevant facts. In August, 1998, while the defendant was driving on Route 28, he cut off a car driven by one of the victims and then prevented it from passing. The victim driver chased the defendant. The defendant then slammed on his brakes and maneuvered his truck in such a way as to cause the victim driver to veer sharply to avoid a collision. As a result, the victims' car was in an accident that killed both the driver and his passenger. The defendant failed to stop after the accident.

*Discussion.*

1. *Duplicative convictions and sentences.* The defendant argues that the judge's failure to vacate his multiple convictions and sentences for leaving the scene of a single accident resulting in two deaths violated his privilege against double jeopardy. Additionally, the defendant argues ineffective assistance in his counsel's failure to file a motion to dismiss the duplicative indictments.[1]

"The double jeopardy clause of the Fifth Amendment to the United States Constitution protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *Mahoney* v. *Commonwealth*, 415 Mass. 278, 283 (1993). We are concerned with the third category of protection, which requires us to determine whether the Legislature intended to authorize the imposition of multiple punishments for leaving the scene of an accident resulting in the death of more than one person. See *Commonwealth* v. *Crawford*, 430 Mass. 683, 686 (2000).

General Laws c. 90, § 24 (2) ($a^{1}/_{2}$) (2), is silent with respect to whether the Legislature, in enacting the statute, intended to punish the leaving of the scene of an accident resulting in death separately for each victim or intended that a single penalty attach to the unlawful course of conduct.[2] We have held, however, that criminal statutes must be construed strictly against the

---

[1]Because we conclude, on the merits, that the conviction and sentencing of the defendant on two charges of leaving the scene of a single accident resulting in two deaths gives rise to a substantial risk of a miscarriage of justice, we need not consider the defendant's argument of ineffective assistance of counsel.

[2]General Laws c. 90, § 24 (2) ($a^{1}/_{2}$) (2), provides in relevant part:

"Whoever operates a motor vehicle upon any way or in any place to which the public has a right of access . . . and without stopping and making known his name, residence and the registration number of his motor vehicle, goes away to avoid prosecution or evade apprehension after knowingly colliding with or otherwise causing injury to any person shall, if the injuries result in the death of a person, be punished . . . by imprisonment in a jail or house of correction for not less than one year nor more than two and one-half years and by a fine of not less than one thousand dollars . . . ."

Commonwealth. *Commonwealth* v. *Devlin*, 366 Mass. 132, 137-138 (1974). It is well established that if we find the statute ambiguous or are unable to ascertain the intent of the Legislature, the defendant is entitled to the benefit of any rational doubt. See *Commonwealth* v. *Crosscup*, 369 Mass. 228, 234 (1975); *Wood* v. *Commissioner of Correction*, 363 Mass. 79, 81 (1973). In light of these principles, and based on the authority in other jurisdictions, the defendant argues, and we agree, that the proper "unit of prosecution" under the statute is the act of leaving the scene of the accident, not the number of accident victims.

We have previously stated that the prohibited conduct under G. L. c. 90, § 24, consists of " 'knowingly' going away without giving [the required] information." *Commonwealth* v. *Horsfall*, 213 Mass. 232, 236 (1913). Thus, the proscribed act is scene related, not victim related. Moreover, although not conclusive, the fact that this statute is listed as a motor vehicle offense under G. L. c. 90, rather than a crime against a person under G. L. c. 265, further supports the view that the act is scene related.

The Commonwealth argues that we need not consider extrinsic sources of statutory interpretation because the statute is unambiguous and its meaning is clear. We disagree. General Laws c. 90, § 24 (2) ($a^{1}/_{2}$) (2), proscribes the act of "[going] away to avoid prosecution or evade apprehension after knowingly colliding with or otherwise causing injury to *any person*" (emphasis added). The use of the word "any" makes the statute ambiguous. See *Castaldi* v. *United States*, 783 F.2d 119, 121 (8th Cir.), cert. denied, 476 U.S. 1172 (1986). See also *Ladner* v. *United States*, 358 U.S. 169, 178 (1958) (holding single discharge of shotgun constituted only single violation of statute penalizing assault on "any" Federal officer even where more than one Federal officer was assaulted); *Bell* v. *United States*, 349 U.S. 81, 84 (1955) (holding simultaneous transportation of two women constituted only one offense of statute prohibiting knowing transportation of "any woman or girl" for purpose of prostitution); *United States* v. *Kinsley*, 518 F.2d 665, 670 (8th Cir. 1975) (holding defendant's simultaneous possession of four

firearms constituted only one offense under statute prohibiting previously convicted felon from possessing "any firearm"). Because it is unclear what is meant by the term "any," the statute is ambiguous at best, and it is well established that "[i]f the statutory language '[could] plausibly be found to be ambiguous,' the rule of lenity requires the defendant be given 'the benefit of the ambiguity.' " *Commonwealth* v. *Carrion*, 431 Mass. 44, 45-46 (2000), quoting *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652 (1992).

Despite its contention that the statute is unambiguous, the Commonwealth argues that the legislative history demonstrates that the Legislature contemplated the imposition of multiple punishments. Contrary to the Commonwealth's argument, the legislative history of the statute does not demonstrate that the Legislature authorized multiple punishments for concurrent violations of the statute. The Commonwealth focuses on the title of the law as "An Act establishing mandatory *penalties* for motor vehicle operators leaving the scene of an accident" (emphasis added). See St. 1991, c. 460. The Commonwealth construes this to mean multiple punishments for leaving the scene of a single accident where more than one person is injured. However, the use of the word "penalties" refers to the mandatory jail time *and* the mandatory fine, not multiple punishments for a single accident.

Furthermore, other jurisdictions that have considered the issue do not allow multiple punishments for leaving the scene of a single accident. See *Dake* v. *State*, 675 So. 2d 1365, 1366-1367 (Ala. Crim. App. 1995) (holding double jeopardy prohibits multiple convictions for violations of statute requiring driver of vehicle involved in accident where someone is injured or killed to stop, provide identifying information, and render reasonable assistance to any person injured in accident). See also *State* v. *Powers*, 200 Ariz. 363, 363-364 (2001); *Hardy* v. *State*, 705 So. 2d 979, 979-980 (Fla. Dist. Ct. App. 1998); *Hoag* v. *State*, 511 So. 2d 401, 401-402 (Fla. Dist. Ct. App. 1987); *People* v. *Sleboda*, 166 Ill. App. 3d 42, 57 (1988); *Nield* v. *State*, 677 N.E.2d

79, 81-82 (Ind. Ct. App. 1997); *James* v. *Commonwealth*, 178 Va. 28, 36-39 (1941).[3]

The object of G. L. c. 90, § 24 (2) ($a^{1/2}$) (2), is the failure of an involved driver to stop at the scene of an accident resulting in injury or death. Although this accident caused two deaths, there was but one accident scene and one failure to stop. Accordingly, we conclude that convicting the defendant of two violations, rather than one, and sentencing him to consecutive terms in a house of correction was error and gives rise to a substantial risk of a miscarriage of justice.

The defendant also argues that his two convictions of operating so as to endanger are duplicative, violating the double jeopardy clause and creating a substantial risk of a miscarriage of justice. We agree. Although properly charged with two indictments of motor vehicle homicide, the jury twice chose to convict the defendant of the lesser included offense of operating so as to endanger. Unlike the motor vehicle homicide statute (G. L. c. 90, § 24G), which proscribes causing death and not the operation of the vehicle, under the lesser included offense of G. L. c. 90, § 24 (2) (*a*), it is the operation of the vehicle itself that is the crime.[4] See *Commonwealth* v. *Guillemette*, 243 Mass. 346, 347 (1923). Moreover, a person may operate a vehicle in such a

---

[3]Although a few States have allowed multiple punishments for leaving the scene of a single accident, they focused on language in the statutes that required the operator to render assistance to any person injured; this is not a requirement under G. L. c. 90, § 24 (2) ($a^{1/2}$) (2). See *State* v. *Hartnek*, 146 Wis. 2d 188, 194-197 (Ct. App. 1988) (holding driver's failure to stop and render aid to injured occupants of car that collided with driver's car gave rise to multiple violations of statute requiring driver to stop and render aid to all injured persons at scene where receipt of medical attention with least possible delay was "obvious" intent of Legislature). See also *Spradling* v. *State*, 773 S.W.2d 553, 556-557 (Tex. Crim. App. 1989).

[4]General Laws c. 90, § 24 (2) (*a*), provides in relevant part:

> "Whoever upon any way or in any place to which the public has a right of access, or any place to which members of the public have access as invitees or licensees, operates a motor vehicle recklessly, or *operates such a vehicle negligently so that the lives or safety of the public might be endangered* . . . shall be punished by a fine of not less than twenty dollars nor more than two hundred dollars or by imprisonment for not less than two weeks nor more than two years, or both . . . ." (emphasis added).

way that would endanger the public although no other person is on the street. See *Commonwealth* v. *Horsfall*, 213 Mass. 232, 235 (1913), and cases cited. Thus, the proper unit of prosecution is the single act of operating a vehicle so as to endanger, not the number of victims of any ensuing accident. Here, the defendant was convicted twice of operating so as to endanger arising from a single act. As it is the conduct of operating a vehicle in a negligent manner so as to endanger the public that is proscribed, not the act of harming another, the defendant can be convicted only once of operating so as to endanger although more than one person was killed. Therefore, we conclude that it was error and gives rise to a substantial risk of a miscarriage of justice to convict the defendant twice of this offense, rather than once, and to sentence him to concurrent terms of probation.

2. *Other issues.* The defendant also claims errors in the prosecutor's closing statements and the jury instructions regarding causation.

a. *Prosecutor's closing remarks.* The defendant cites two instances of allegedly prejudicial closing argument. In both instances the defendant claims that the prosecutor misstated his testimony by telling the jury that "in his own words" the defendant had been racing and argues that his trial counsel was ineffective for not objecting. Having reviewed the closing argument and the portions of the transcript relating to this evidence, we conclude that the prosecutor's closing argument was a fair comment on the evidence.[5] As there was no error, it was not ineffective assistance of counsel to fail to object to the statements. See *Commonwealth* v. *Murphy*, 442 Mass. 485, 509 (2004).

b. *Jury instruction on causation.* Additionally, the defendant argues that the failure to instruct the jury on proximate and intervening causes on the charge of leaving the scene of an accident resulting in death created a substantial likelihood of a miscarriage of justice, and that the failure of trial counsel to

[5]At trial, the defendant's former girl friend testified that the defendant told her that "he was in a race with another car . . . that vehicle crashed and he thought two kids had died," and that "[h]is truck and another car were racing." In closing argument, the prosecutor reminded the jury of this testimony, referring to "racing" as the defendant's own words.

object to the instructions constituted ineffective assistance.[6] We disagree. One of the elements the prosecution had to prove was that while the defendant was operating a vehicle, he caused injury in some way to another. G. L. c. 90, § 24 (2) ($a^{1}/_{2}$) (2). It is well established that fault is not a determining factor; rather, we look to whether the defendant was in some way an actor, not a mere participant. *Commonwealth* v. *Robbins*, 414 Mass. 444, 447 (1993), quoting *Commonwealth* v. *Bleakney*, 278 Mass. 198, 202 (1932). A judge is "not required to instruct the jury in the precise language requested by the defendant. It is enough if the instructions [are] otherwise adequate . . . ." *Commonwealth* v. *Rhoades*, 379 Mass. 810, 822 (1980), quoting *Commonwealth* v. *Harris*, 376 Mass. 201, 208 (1978). Here, the judge's instruction properly charged the jury with determining whether the defendant was in some way an actor, a partial cause of the accident. Furthermore, the instruction indicated that the defendant was to be acquitted if some other person was the direct or substantial cause of death.[7] The jury could certainly ascertain that if the victims' negligence was the sole or

---

[6]The defendant argues that it was the victim driver's conduct of chasing the defendant at a high rate of speed, "cutting in front" of the defendant, and losing control of his own vehicle that caused the accident. According to the defendant, such conduct was not reasonably foreseeable and therefore constituted an intervening act relieving him of any criminal responsibility; therefore, the jury should have been instructed regarding proximate and intervening causes. This argument ignores evidence that the defendant caused the accident by "slamm[ing] on the brakes" while driving in front of the victims' car.

[7]Specifically, the judge charged the jury as follows:

"The Commonwealth is not required to prove that the defendant was the only cause of the victims' death. But it is required to prove beyond a reasonable doubt that the defendant caused the death in the sense that he was in some way an actor — a partial cause of the accident. In other words, the manner in which he operated his motor vehicle was a contributing factor to the accident.

"The law does not consider the defendant to be the cause of the death and therefore must be acquitted if some other person or event was the direct or substantial cause of the death and the defendant's action were only a minor and remote link in the chain of events leading to the death."

substantial cause of the their deaths, the defendant should be acquitted. As there was no error in the instructions, it was not ineffective assistance of counsel not to object. See *Commonwealth* v. *Murphy, supra.*

*Conclusion.*

Because we conclude that the object of G. L. c. 90, § 24 (2) ($a^1/2$) (2), is the failure of a driver to stop at the scene of an accident resulting in injury or death, the proper "unit of prosecution" under the statute is the scene of an accident, not the number of accident victims, and a driver may be charged only once with leaving the scene of a single accident. Additionally, because we conclude that the proscribed act under G. L. c. 90, § 24 (2) (*a*), is the conduct of operating a motor vehicle so as to endanger the public, the proper unit of prosecution under this statute is the conduct, not the number of victims, and a driver may be convicted only once of operating so as to endanger for a single act regardless of the number of victims in any resulting accident.

Accordingly, we vacate one of the defendant's convictions of leaving the scene of an accident resulting in death and the sentence imposed, and one of his convictions of operating so as to endanger and the sentence imposed. The remaining convictions are affirmed.

*So ordered.*