NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-43                                          Appeals Court

COMMONWEALTH  vs.  JEFFREY LUCKERN.

No. 14-P-43.

Suffolk.     December 8, 2014. - April 8, 2015.

Present:  Rubin, Milkey, & Carhart, JJ.


Habitual Offender.  Practice, Criminal, Sentence.



Indictments found and returned in the Superior Court
Department on May 7, 2013.

A motion to dismiss was heard by Carol S. Ball, J.


Zachary Hillman, Assistant District Attorney (Gretchen P.
Sherwood, Assistant District Attorney, with him) for the
Commonwealth.
David M. Skeels, Committee for Public Counsel Services, for
the defendant.


RUBIN, J.  This case concerns the meaning of a provision of

the habitual offender statute, G. L. c. 279, § 25(a), amended by

St. 2012, c. 192, § 47.  The question before us is whether a

defendant given a sentence of three years or more in State

prison that is suspended so that the defendant must serve less

than three years has been "sentenced to state prison or state correctional facility or a federal corrections facility for a term not less than [three] years."

The prior version of the habitual offender statute applied to those who had "been twice convicted of crime and sentenced and committed to prison in this or another state . . . for terms of not less than three years each." G. L. c. 279, § 25, amended by St. 1904, c. 303. The statute was amended in 2012 so that it now applies to anyone convicted of a felony who "has been previously twice convicted and sentenced to state prison or state correctional facility or a federal corrections facility for a term not less than [three] years by the commonwealth, another state or the United States." G. L. c. 279, § 25(a). Although the wording has changed slightly, we agree with the parties that there is no material difference between the language in the new version of the statute, which refers to being sentenced for a term of not less than three years, and that in the old statute. Consequently, although the statute has been amended to remove the reference to "commitment," the language of the current version with respect to being sentenced must be read in pari materia with that in the prior version.

The question before us is whether the defendant has two prior convictions that may serve as predicate convictions for application of the habitual offender statute. The defendant

pleaded guilty to larceny over $250 in Middlesex County in 1995. He was sentenced to a so-called split sentence: three to four years in State prison, six months to be served, with the rest of the sentence suspended for four years under certain conditions.[1] The defendant also pleaded guilty to burglary in New Hampshire in 1984, and was sentenced under a procedure that is unfamiliar in the Commonwealth. The defendant was originally sentenced to three and one-half to seven years in New Hampshire State prison on this conviction, with the judge's order stating that after one year, if the defendant had been participating in a drug abuse program and submitting to random screening, and had received recommendations from both the warden and the alcohol/drug counselor, he might "apply for review of this sentence and for transfer to and treatment in a long-term residential drug treatment facility." After serving one year and eleven months of his sentence the defendant moved for

---

[1] Such State prison sentences may no longer be given in Massachusetts. Since the adoption of "truth in sentencing" twenty years ago Massachusetts judges can no longer order suspended sentences of incarceration in State prison (in contrast to sentences in houses of correction). Commonwealth v. Wilcox, 446 Mass. 61, 65 n.8 (2006) ("the authority to suspend a sentence of incarceration in a State prison, as opposed to a house of correction, has been eliminated by G. L. c. 127, § 133, as appearing in St. 1993, c. 432, § 11 [Truth-in-Sentencing Act]"). The defendant committed the underlying larceny, however, prior to the adoption of the truth-in-sentencing statute, and there is no dispute whether he was properly sentenced.

reconsideration and the same judge granted his motion. His sentence was suspended and conditions were imposed on that suspension. It is clear that this was a reconsideration of the defendant's original sentence. The judge's order did not refer to the time the defendant had served, nor did it refer to the suspension of merely "a balance" of the sentence. The defendant appears to argue that the original sentence was vacated, and that his new sentence should be understood as a completely suspended sentence of three and one-half to seven years. We may assume without deciding that he is correct in his characterization of the sentence handed down by the New Hampshire judge and, for purposes of this opinion, will treat it as a completely suspended sentence.

In the trial court, the parties argued on the basis that the prior version of the statute was applicable. The defendant argued in his memorandum in support of his motion to dismiss below that he was never "committed" on his New Hampshire sentence, and that the New Hampshire conviction therefore could not serve as a predicate offense under the old version of the statute. The Commonwealth argued below only that the defendant's two prior convictions could serve as predicate convictions under the old version of the statute. A judge of the Superior Court concluded that neither conviction met the requirements of the statute and dismissed the habitual offender

charge against the defendant.  The Commonwealth has brought this appeal.

In fact, the applicable version of the statute is not the old version, but the new one:  the defendant's charged conduct in the indictment at issue occurred in 2013, after the amendment.  Below, the Commonwealth made no argument under the new version of the statute, but, notwithstanding the rules of waiver, in a case like this, regardless whether we are required to address the applicable version of the statute, to do so is, at the least, within our discretion.  "[A] court 'need not render judgment on the basis of a rule of law whose nonexistence is apparent on the face of things, simply because the parties agree upon it.'"  United States Natl. Bank v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 447 (1993), quoting from United States v. Burke, 504 U.S. 229, 246 (1992) (Scalia, J., concurring).  The Commonwealth may proceed against the defendant only under the amended, applicable version of the statute. Whether he could have been charged under the old version is irrelevant and any opinion we might render on the question would be advisory.  Consequently, we analyze the defendant's convictions under the amended version of the law.  Because the case presents a pure question of law, we are in as good a position as the trial judge would be to resolve the matter.

Thus, rather than remanding for reconsideration under the amended statute, we turn to the merits.

On appeal, the defendant no longer contends that he was not "committed" -- that word has been removed from the statute. Rather, he argues that he was not "sentenced to state prison or state correctional facility or a federal corrections facility for a term not less than [three] years" on either the Middlesex County conviction or the New Hampshire conviction.[2]  An appellee, of course, may seek affirmance on any ground.  See Lopes v. Commonwealth, 442 Mass. 170, 181 (2004).

The question we must address is whether one who is given a suspended sentence of not less than three years -- suspended in part or in whole at the time of sentencing so that less than three years will be served -- has been sentenced for such a term.  We think he has.  As we wrote in Commonwealth v. Perry, 65 Mass. App. Ct. 624, 632 (2006), about the prior version of the statute, "[r]ead together, the terms of the statute require that a defendant twice be found guilty (convicted), sentenced to prison (sentenced), and imprisoned for some period of time (committed).  See G. L. c. 279, § 25.  Requiring a period of commitment eliminates from consideration any prior offenses for

_____

[2] As this is the only argument put forward by the defendant, we express no opinion whether there is any other legal reason a conviction in which a defendant is given a suspended sentence may not serve as a predicate under the current version of the statute.

which an otherwise qualifying prison term is suspended"
(emphasis added). Put another way, we inferred that commitment
was required by the Legislature precisely because completely
suspended sentences of not less than three years did meet the
statute's requirement of a sentence of that length, and thus
that, in the absence of a requirement of commitment, convictions
in which a defendant received such suspended sentences would
qualify as predicate convictions under the statute.

The defendant observes that this statement in Perry is
dictum, and he asserts that the language of the statute is on
its face ambiguous. Consequently, he argues, we should under
the rule of lenity construe the statute to require an actual,
rather than a suspended, sentence of not less than three years.
See Commonwealth v. Constantino, 443 Mass. 521, 525 (2005) ("if
the statutory language could plausibly be found to be ambiguous,
the rule of lenity requires the defendant be given the benefit
of the ambiguity") (citation omitted).

This argument would have strength if the defendant could
describe a circumstance other than a suspended sentence in which
a defendant could be sentenced to a term of not less than three
years, but not committed. But he has provided no such example.
In the absence of such a circumstance, the implication of the
requirement of commitment in the prior version of the statute is
that a suspended sentence of not less than three years is a

"sentence[]" of "not less than [three] years" within the meaning of the statute.  Consequently, we conclude that the defendant was "sentenced" to terms that meet the requirements of the habitual offender statute on each of the two convictions at issue here.

The order dismissing the habitual offender charge is reversed.

<u>So ordered</u>.