NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11755

COMMONWEALTH  vs.  VICTOR FIGUEROA.


June 17, 2015.


Mayhem.  Assault and Battery by Means of a Dangerous Weapon.
    Practice, Criminal, Duplicative convictions, Lesser
    included offense.


Following a jury trial, the defendant, Victor Figueroa, was
convicted of mayhem, in violation of G. L. c. 265, § 14, and
assault and battery by means of a dangerous weapon causing
serious bodily injury, in violation of G. L. c. 265, § 15A (c)
(i).[1]  The Appeals Court affirmed the convictions, rejecting,
among other things, the defendant's argument that the
convictions are duplicative.  See Commonwealth v. Figueroa, 85
Mass. App. Ct. 1127 (2014).  The case is now before this court
on further appellate review of that limited issue.  See 469
Mass. 1110 (2014).

Background.  We limit our discussion of the facts to those
relevant to the duplicative convictions issue, which are as
follows.  Prior to the attack that led to the convictions, the
defendant had been, essentially, stalking the victim.  On the
morning of March 17, 2005, the victim was riding a bus to work.
The defendant was also on the bus, as was the victim's coworker
Silvia Gomez.  At their usual stop, the victim and Gomez got off
the bus by the front door.  The defendant called to the victim
and she told him that she had nothing to say to him.  The
defendant then pulled the victim by her jacket and punched her
in the mouth with his hand, striking her twice.  The victim

_____

[1] The jury found the defendant not guilty of a third charge,
armed assault with intent to murder, G. L. c. 265, § 18 (b).

became dizzy, felt her face and neck burning, and saw a knife in the defendant's hand.  While the defendant was striking the victim, she tried to run, but the defendant was holding her jacket and arm.  Gomez pulled the victim away and they ran toward their office.  The victim was subsequently placed in an ambulance and taken to the hospital.  As a result of the attack, the victim sustained injuries to her face, neck, ear, and right arm, and has scarring on her face and neck.  A police officer who arrived shortly after the attack testified that the victim had at least three lacerations on her face and neck area.

At trial, the judge instructed the jury that the mayhem charge related to the injuries to the victim's face and the assault and battery by means of a dangerous weapon causing serious bodily injury charge related to the injuries to the victim's neck.  More specifically, the judge instructed the jury that in connection with the mayhem charge they could "not consider any other alleged injury to [the victim] except any injury that you find was made to her face.  Specifically, you may not consider any injury to her neck or any other part of her body except her face."  She similarly instructed the jury regarding the assault and battery charge, stating that they could "consider only the . . . alleged injury to [the victim's] neck" and could "not consider any alleged injury to her face or to her arm, back, or any other part of her body other than her neck."

Discussion.  We agree with the defendant that assault and battery by means of a dangerous weapon causing serious bodily injury is a lesser included offense of mayhem, see Commonwealth v. Martin, 425 Mass. 718, 721-722 (1997), and that he cannot be convicted of both crimes unless the convictions rest on separate and distinct acts, see Commonwealth v. Suero, 465 Mass. 215, 219 (2013).[2]  We do not agree, however, that his actions here formed

---

[2] The defendant was indicted and convicted under the second branch of the mayhem statute, G. L. c. 265, § 14, which provides:

> "[W]hoever, with intent to maim or disfigure, assaults another person with a dangerous weapon . . . and by such assault disfigures, cripples or inflicts serious or permanent physical injury upon such person . . . shall be punished by imprisonment in the [S]tate prison for not more than twenty years or by a fine of not more than [$1,000] and imprisonment in jail for not more than two and one-half years."

but one act such that he cannot be convicted of both the lesser and the greater offense. In the Suero case, we addressed a conflict in the law as it then existed regarding whether a jury or a judge should decide whether, when a defendant is charged with both a lesser and a greater offense, a defendant "has committed actions that are sufficiently separate and distinct as to factually comprise different crimes." Id. at 221-222. We concluded that both the judge and the jury have a role to play -- that there is a factual question to be determined by the jury and a legal question to be determined by the judge. Id. at 222.

Although the Suero case had not yet been decided at the time of the defendant's trial, both of those determinations were made here. The judge, who gave due consideration to the issue, carefully instructed the jury on both charges. The resulting convictions were, as the judge noted in sentencing the defendant, of necessity, based on the jury instructions, for separate and distinct acts. Unlike in the Suero case where the lesser included offense of indecent assault and battery was incidental to the greater offense of statutory rape, the acts that form the bases for the two convictions in this case -- the cutting of the victim's face and the cutting of her neck -- were independent acts. The defendant's convictions of mayhem and of assault and battery by means of a dangerous weapon causing serious bodily injury are, therefore, not duplicative.

Judgments affirmed.

Michael J. Hickson for the defendant.
Jessica Langsam, Assistant District Attorney, for the Commonwealth.