NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-1459                                    Appeals Court

COMMONWEALTH vs. KEITH HENDERSON (NO. 1).

No. 14-P-1459.

Hampden.        October 5, 2015. - March 15, 2016.

Present: Vuono, Carhart, & Sullivan, JJ.

Motor Vehicle, Operation, Leaving scene of accident. Evidence, Intent. Intent. Practice, Criminal, Instructions to jury, Duplicative convictions, Double jeopardy. Constitutional Law, Double jeopardy.

Indictments found and returned in the Superior Court Department on April 9, 2013.

The case was tried before Edward J. McDonough, J.

Leslie H. Powers for the defendant.
Alyson C. Yorlano, Assistant District Attorney, for the Commonwealth.

SULLIVAN, J. Following a trial on multiple indictments, a jury convicted the defendant, Keith Henderson, on two indictments charging leaving the scene of an accident causing personal injury in violation of G. L. c. 90, § 24(2)(a1/2)(1), and on three indictments charging leaving the scene of an

accident causing property damage in violation of G. L. c. 90,
§ 24(2)(a).[1]  On appeal, the defendant maintains that (1) the
judge erred in failing to instruct that the Commonwealth must
prove that he had the specific intent to leave the scene of the
accident, and (2) he was convicted of multiple counts of leaving
the scene of an accident in violation of his right to be free
from double jeopardy.[2]  We conclude that the jury were properly
instructed, but that, on the facts presented, the convictions
were duplicative.  We therefore vacate the judgment on one of
the counts of leaving the scene of an accident causing personal
injury and the judgments on all but one of the counts of leaving
the scene of an accident causing property damage.  We affirm the
remaining judgments.

Background.  The evidence pertinent to the appeal may be
summarized as follows.  Sean Kydd's car was taken from him at
gunpoint on March 5, 2013, by a man he was unable to identify.
Kydd filed a police report that day, reporting the car stolen.

---

[1] The defendant was also convicted of one count of assault
and battery by means of a dangerous weapon, to wit, a motor
vehicle, in violation of G. L. c. 265, § 15A(b), and one count
of receiving a stolen motor vehicle in violation of G. L.
c. 266, § 28(a).

[2] The defendant also presented other arguments, which we
address in a memorandum and order pursuant to our rule 1:28,
issued this same day.  Commonwealth v. Henderson (No. 2),
Mass. App. Ct.   (2016).  To the extent relevant to the
convictions of leaving the scene, the memorandum and order is
incorporated by reference.

Nine days later on March 14, 2013, Kydd spotted his car in Springfield and called the police. Two police officers in marked police cruisers met Kydd, and all three drove separately to where the car was located.

As the caravan passed Kydd's stolen car, one police officer made eye contact with the driver, who was later identified as the defendant. "[T]he [car] took off" in the opposite direction. The officers followed in pursuit. The defendant "continued accelerating" and "pull[ed] away at a good distance." The defendant approached a red light at the corner of Wilbraham Road and Alden Street and, instead of stopping, kept going. The car driven by the defendant "sideswipe[d]" a vehicle that was stopped at the red light, crossed the intersection, and crashed a "split second" later into two other vehicles in the oncoming lane of traffic. The officers estimated the defendant's speed at the time of the accident as fifty-five to sixty and sixty-five to seventy miles per hour in a thirty-five miles per hour zone. Three cars were damaged, and two occupants of different vehicles were injured.

The defendant got out of the car, stumbled, and tried to run across the street toward a gas station on the corner. The defendant ran for approximately twenty feet before he was apprehended by police.

1.  Jury instructions.  At trial, the defendant argued that he had not fled the scene; rather, he merely stumbled as he got out of the car.  Citing Commonwealth v. Liebenow, 470 Mass. 151, 157 (2014), the defendant, for the first time on appeal, now attempts to recast his defense, stating that the judge should have instructed the jury that the defendant must have the subjective intent to flee the scene.[3]  The defendant's claim of error rests on his contention that specific intent to leave the scene is an element of the offense.  The argument conflates knowledge and intent, which are not wholly coterminous.  See Commonwealth v. Sama, 411 Mass. 293, 298 (1991).  Knowledge is the operative element under the statute.

"To prove the charge of leaving the scene of [property damage], the Commonwealth must prove beyond a reasonable doubt that (1) the defendant operated a motor vehicle (2) on a public way (3) and collided with or caused injury in some other way to another vehicle or to property; (4) the defendant knew that he had collided with or caused injury in some other way to that other vehicle or property; and (5) after such collision or injury, the defendant did not stop and make known his name, address, and the registration number of his motor vehicle.

---

[3] Intent was not a live issue at trial.  See Commonwealth v. Gabbidon, 398 Mass. 1, 5 (1986).  Counsel argued that the defendant had not left and that, even if he intended to leave, the police stopped him.

G. L. c. 90, § 24(2)(a)."[4]  Commonwealth v. Platt, 440 Mass. 396, 400 n.5 (2003).  The elements of leaving the scene of an accident causing personal injury are similar, except that the Commonwealth must prove injury to the person rather than damage to property.  See G. L. c. 90, § 24(2)(a1/2)(1).[5]  See also Commonwealth v. Muir, 84 Mass. App. Ct. 635, 638-639 (2013).  The knowledge required under each statute is virtually identical -- the defendant's knowledge of the collision or the defendant's knowledge of the injury or damage.  The judge so instructed the jury.

---

[4] The statute provides:  "Whoever upon any way or in any place to which the public has a right of access, or any place to which members of the public have access as invitees or licensees, . . . without stopping and making known his name, residence and the register number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property, . . . shall be punished by a fine of not less than twenty dollars nor more than two hundred dollars or by imprisonment for not less than two weeks nor more than two years, or both . . . ."  G. L. c. 90, § 24(2)(a), inserted by St. 1975, c. 156, § 1.

[5] The statute provides:  "Whoever operates a motor vehicle upon any way or in any place to which the public has right of access, or upon any way or in any place to which members of the public shall have access as invitees or licensees, and without stopping and making known his name, residence and the registration number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person not resulting in the death of any person, shall be punished by imprisonment for not less than six months nor more than two years and by a fine of not less than five hundred dollars nor more than one thousand dollars."  G. L. c. 90, § 24(2)(a1/2)(1), inserted by St. 1991, c. 460, § 2.

The defendant construes one sentence in Platt to require proof that the defendant "knowingly le[ft] the scene of an accident involving property damage [or personal injury]." Platt, supra at 401. From that sentence, the defendant derives a requirement of subjective or specific intent to leave the scene. The statute contains no requirement that the defendant form the specific intent to leave the scene of an accident, and the oft-used, though imprecise, shorthand description of the offense contained in Platt does not add one.

Although there was at one time a statutory requirement that a driver knowingly leave the scene, the statute has been amended to remove the element of knowledge with respect to leaving the scene of the accident. In 1909, the statute read, in pertinent part: "who[ever] knowingly goes away without stopping and making himself known after causing injury to any person or property . . . shall be punished . . ." (emphasis supplied). St. 1909, c. 534, § 22. The 1909 statute was interpreted to require "a consciousness not only of the fact that [the defendant] is going away, but of the further fact that he has not made himself known." Commonwealth v. Horsfall, 213 Mass. 232, 237 (1913). The statute was amended in 1916 to require knowledge of the collision or injury, but to remove the word "knowingly" from the provision regarding leaving the scene of an accident. See St. 1916, c. 290.

This amendment was purposeful.  In <u>Horsfall</u>, the court said, "It would have been simple for the Legislature to have made the act of going away by the driver of an automobile without making himself known after injuring person or property a crime, and this would have been accomplished by omitting the word 'knowingly' from the statute."  <u>Horsfall</u>, <u>supra</u> at 236-237.  Clearly, the Legislature accepted this invitation in 1916.

Since 1924, this amendment has been consistently construed to mean that "the act [of leaving the scene], irrespective of intent, was made criminal."  <u>Commonwealth</u> v. <u>Coleman</u>, 252 Mass. 241, 244 (1925).  See <u>Commonwealth</u> v. <u>Nurmi</u>, 250 Mass. 128, 131 (1924) ("If [the defendant] had knowledge of such collision, it was his duty under the statute not only to stop, but also to make known his name, residence, and number of his motor vehicle").  See also <u>Commonwealth</u> v. <u>McMenimon</u>, 295 Mass. 467, 468-470 (1936) (describing the change by the Legislature after the <u>Horsfall</u> case).  The judge's instructions were correct.

2.  <u>Duplicative convictions</u>.  The defendant maintains that he could be properly convicted of and sentenced on only one count of leaving the scene of personal injury and one count of leaving the scene of property damage.[6]  He contends that his

_____

[6] The defendant appropriately acknowledges that he may be convicted, consistent with double jeopardy purposes, of one count each of the wholly separate offenses of leaving the scene

multiple convictions are duplicative and violate his right under the Federal constitution to be free from double jeopardy. See Commonwealth v. Constantino, 443 Mass. 521, 523-526 (2005).

"The double jeopardy clause of the Fifth Amendment to the United States Constitution protects against three distinct abuses: [1] a second prosecution for the same offense after acquittal; [2] a second prosecution for the same offense after conviction; and [3] multiple punishments for the same offense." Id. at 523 (quotation omitted). Here, as in Constantino, "[w]e are concerned with the third category of protection." Ibid. Because this issue was not raised at trial, we review for a substantial risk of a miscarriage of justice, mindful of the fact that a duplicative conviction may constitute such a risk. Id. at 526.

The statute is silent on this subject; hence we must determine "whether the Legislature, in enacting the statute, intended to punish the leaving of the scene of an accident resulting in [personal injury or property damage] separately for each victim [or item of property] or intended that a single penalty attach to the unlawful course of conduct." Id. at 523. In Constantino the Supreme Judicial Court held that a defendant who had left the scene of an accident causing multiple deaths

---

of an accident causing property damage and leaving the scene of an accident causing personal injury.

could be convicted of only a single count of leaving the scene. We deal here with the same statute and amendment that the Supreme Judicial Court was called upon to interpret in Constantino. See G. L. c. 90, § 24(2); St. 1991, c. 460. In Constantino the court interpreted the statute with respect to the crime of leaving the scene of an accident causing personal injury resulting in death, whereas here we confront personal injury and property damage. See G. L. c. 90, § 24(2)(a1/2)(1); G. L. c. 90, § 24(2)(a). The operative words of the statute, as amended in 1991, are virtually identical with respect to leaving the scene, whether it be the scene of an accident causing death, personal injury, or property damage, and the rationale of Constantino is fully applicable.

"[T]he proper 'unit of prosecution' under the statute is the act of leaving the scene of the accident, not the number of accident victims [or items of property damaged]." Constantino, supra at 524. This is because the statute is "directed at punishing the defendant for conduct offensive to society, as distinct from punishing the defendant for the effect of that conduct on particular victims." Commonwealth v. Traylor, 472 Mass. 260, 268-269 (2015) (quotation omitted). See Constantino, supra. The Commonwealth maintains that multiple convictions are appropriate because, unlike the single car accident in Constantino, here there were three collisions involving damage

to three cars and injury to two passengers.  Only one penalty may be assessed under each statute for a single act of leaving the scene, however, because "the proscribed act is scene related, not victim related."  Ibid., and cases cited.[7]

Our analysis does not end here, however.  Multiple convictions for the same offense may stand where the convictions are predicated on separate and distinct acts, here the act of leaving the scene.  See Commonwealth v. Vick, 454 Mass. 418, 435-436 (2009).  The Commonwealth argues that the defendant left the scene of an accident twice, once when he sideswiped the first car, and a second time when he ran away after colliding with the other two cars.  If so, at least two of the convictions of leaving the scene of property damage would be upheld, as would both of the convictions of leaving the scene of an accident causing personal injury.

The evidence at trial was insufficient to permit a finding of separate and distinct instances of leaving the scene of an

---

[7] Other jurisdictions have reached the same conclusion.  See People v. Newton, 155 Cal. App. 4th 1000, 1002-1005 (2007) (chain reaction multi-car accident causing injury to multiple individuals; one scene); Yeye v. State, 37 So. 3d 324, 326 (Fla. Dist. Ct. App. 2010) (chain reaction multi-car accident; one scene); State v. Ustimenko, 137 Wash. App. 109, 116-119 (2007) (chain reaction car accident causing injury to two individuals and damage to a signpost; one scene); State v. Stone, 229 W. Va. 271, 276-281 (2012) (chain reaction multi-car accident causing multiple deaths and injuries; one scene).

accident.[8]  There was a near instantaneous collision with three cars, and flight from that single scene.  In light of the testimony of the witnesses that the two collisions occurred within a split second, leaving the defendant with no opportunity to stop after the first collision, the two incidents are "so closely related in fact as to constitute in substance but a single crime."  Commonwealth v. Vick, supra at 435 (quotation omitted).  The defendant's "actions occurred 'in a single stream of conduct' that was 'governed by a single criminal design.'"  Commonwealth v. Suero, 465 Mass. 215, 220 (2013), quoting from Commonwealth v. Howze, 58 Mass. App. Ct. 147, 153 (2003).  Contrast Commonwealth v. Maldonado, 429 Mass. 502, 509-510

---

[8] As a general rule, it is first for the judge to decide whether the evidence is sufficient to permit the jury to find separate and distinct acts.  See Commonwealth v. Figueroa, 471 Mass. 1020, 1021-1022 (2015).  Thereafter, whether there were separate and distinct acts of leaving the scene, or a single collision resulting in a single instance of leaving the scene, would be a question for the jury.  See ibid.  See also Commonwealth v. Maldonado, 429 Mass. 502, 509 (1999).  Even if we were to conclude that the evidence was sufficient to permit a jury to find that there were separate and distinct instances of leaving the scene, the Commonwealth did not argue at trial that the defendant left the scene on two occasions.  The jury were not instructed that they had to find that the defendant left the scene on two occasions.  The jury may have convicted the defendant of multiple counts of leaving the scene even though they found that he had left the scene just once.  "In such a situation, even if the defendant does not object to the duplicative convictions below," the duplicative convictions must be vacated.  Commonwealth v. Sanchez, 405 Mass. 369, 382 (1989).  Compare Commonwealth v. Mamay, 407 Mass. 412, 418-419 (1990) (Commonwealth's closing argument obviated the risk); Commonwealth v. Figueroa, supra (judge's instruction adequately informed the jury of its task).

(1999). "Accordingly, we conclude that convicting the defendant of [multiple] violations, rather than one, . . . was error and gives rise to a substantial risk of a miscarriage of justice." Constantino, 443 Mass. at 526.

Conclusion. The judgment on one of the indictments for leaving the scene of an accident causing personal injury is vacated, the verdict on that indictment is set aside, and that indictment is dismissed.[9] The judgments on two of the indictments for leaving the scene of an accident causing property damage are vacated, the verdicts on those indictments are set aside, and those indictments are dismissed.[10] The remaining judgments are affirmed.

So ordered.

---

[9] The indictments charging personal injury are 13-496-1 and 13-496-2.

[10] The indictments charging property damage are 13-496-5, 13-496-6, and 13-496-7.