Following a jury-waived trial, the defendant was convicted of two counts of making a threat to commit a crime, in violation of G. L. c. 275, § 2. In this appeal, he claims there was insufficient evidence to support his convictions and that his multiple sentences violate the double jeopardy clause of the Fifth Amendment to the United States Constitution and Massachusetts common law. We affirm.
1. Sufficiency of the evidence. In assessing the sufficiency of the evidence, this panel views the evidence in the light most favorable to the Commonwealth with specific reference to the substantive elements of the offense. See Jackson v. Virginia, 443 U.S. 307, 324 n.16 (1979) ; Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). To prove a threat to commit a crime, the Commonwealth must establish "an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat." Commonwealth v. Milo M., 433 Mass. 149, 151 (2001). Additionally, the Commonwealth must satisfy the element of communication, that is, "that the person making the threat either communicated it to the person targeted or intended that it be communicated to the person targeted." Commonwealth v. Maiden, 61 Mass. App. Ct. 433, 434 (2004). Because the defendant did not move for required findings of not guilty, we review for a "substantial risk of a miscarriage of justice." Commonwealth v. Freeman, 352 Mass. 556, 564 (1967). We are not convinced such a risk occurred.
In the light most favorable to the Commonwealth, the judge could have found the following: the defendant, an inmate at the Massachusetts Treatment Center, had a violent interaction on June 14, 2013, with Officer Christian Berard and Sergeant Jeffrey Gonsalves. During this encounter, in which the defendant assaulted Sergeant Gonsalves, Officer Berard and the defendant were injured. On April 28, 2014, the defendant began shouting threatening remarks from his cell in a highly agitated manner, knowing he was within earshot of Officer Berard. Among other things, the defendant "threatened to have [Officer Berard] and Sergeant Gonsalves killed." The defendant stated that he knew where Officer Berard lived and his license plate, and articulated the last two digits of the license plate. The defendant then yelled that he "was going to have [Berard and Gonsalves] taken out and it was just a matter of time until someone came to see [Berard] and have [him] killed." Finally, the defendant stated that Sergeant Gonsalves "was next" and called him "a racial slur by calling him a Spic."
With respect to Officer Berard, the defendant claims the Commonwealth failed to establish his ability or intention to carry out his threats, and that Officer Berard did not feel apprehension because he did not exhibit outward signs on the security footage. We disagree. The judge reasonably could have found that, based on the officers' previous violent interaction with the defendant and the defendant's knowledge of Officer Berard's personal information, the defendant had an ability and an intention to kill Berard and Gonsalves, either by initiating another violent interaction or through an intermediary. In spite of Berard's outwardly nonreactive response to the defendant's statements, removing himself from the area was a standard de-escalation technique used in the facility and not indicative of apprehension, or the lack thereof. Furthermore, Officer Berard testified that he removed himself "because of a previous incident where [the defendant] assaulted [Officer Berard's] former partner." We defer to the judge's assessment of Officer Berard's testimony. See Commonwealth v. Peters, 453 Mass. 818, 823 (2009).
With respect to Sergeant Gonsalves, the defendant claims the element of communication was not established. We are not persuaded. It was a reasonable inference that the defendant expected or should have expected that Berard would communicate the threat to Gonsalves, based on their association as colleagues and former partners. See Commonwealth v. Hokanson, 74 Mass. App. Ct. 403, 407-408 (2009). The defendant's threats toward Sergeant Gonsalves were more than mere "[m]enacing words alone," because "the defendant intended that [his] threats be communicated to" Gonsalves through Berard. Commonwealth v. Furst, 56 Mass. App. Ct. 283, 284 (2002).
2. Double jeopardy. The defendant also claims that his consecutive sentences were duplicative. We disagree. Among other abuses, "[t]he double jeopardy clause of the Fifth Amendment to the United States Constitution protects against ... multiple punishments for the same offense." Mahoney v. Commonwealth, 415 Mass. 278, 283 (1993). In assessing this claim, we must determine the proper "unit of prosecution" for a statutory violation. Commonwealth v. Constantino, 443 Mass. 521, 524 (2005).
The Legislature proscribed the act of threatening to commit a crime. The Legislature undoubtedly intended to consider multiple threats of violence against different individuals to be separate and distinct proscribed acts under the statute. See, e.g., Commonwealth v. Antonmarchi, 70 Mass. App. Ct. 463, 467-468 (2007) (upholding multiple home invasion convictions based on number of persons assaulted). Although the threats against Berard and Gonsalves were made as part of a single barrage directed at Berard, the defendant's threats to murder the correction officers individually formed the basis for each count. Multiple sentences are warranted in such circumstances. See Commonwealth v. Donovan, 395 Mass. 20, 31 (1985) ("Whenever a single criminal transaction gives rise to crimes of violence which are committed against several victims, ... multiple indictments [and punishments] [for the crime against each victim] are appropriate").
Judgments affirmed.