The defendant was convicted of various counts of leaving the scene of an accident that caused property damage and leaving the scene of an accident that caused personal injury, and one count of assault and battery with a dangerous weapon.[2] The operative facts involved the defendant's flight from the police in a stolen vehicle, during which he sideswiped one vehicle and crashed into two others. Occupants of two of the cars he struck were injured and testified at trial to their injuries. On direct appeal, this court affirmed the convictions as to one count of each of the above crimes. Commonwealth v. Henderson (No. 1), 89 Mass. App. Ct. 205, 205, 211 (2016) ; Commonwealth v. Henderson (No. 2), 89 Mass. App. Ct. 1112 (2016) (unpublished opinion pursuant to rule 1:28).
This appeal is from an order of the Superior Court denying the defendant's third motion for a new trial. We affirm.
Discussion. We review the denial of a motion for a new trial for abuse of discretion. See Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006).
At the outset, we note that the arguments made in the defendant's third new trial motion could have been made previously, on direct appeal or in one of the defendant's first two new trial motions. Indeed, at least some of the arguments the defendant now raises were made, in whole or in part, in prior motions for a new trial that were denied, and from which no appeal was taken. All of the arguments at issue accordingly have been waived. See Commonwealth v. Balliro, 437 Mass. 163, 166 (2002) ("A motion for a new trial may not be used to compel the review of issues on which the defendant has already had appellate review or issues on which the defendant has forgone the opportunity"). Motions for a new trial are not to be used to present serially arguments that were previously advanced, or could have been.
a. The alleged Brady violation. The defendant's arguments fail on their merits, in any event. The defendant first argues that the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to produce the hospital records of Christopher Zabik, one of the two persons injured during the incident. The defendant claims that the hospital records were exculpatory, because they allegedly show that Zabik was not injured when he reached the hospital, after the defendant crashed into him. The defendant, however, fails to produce any evidence that the Commonwealth had possession or control of those records prior to the conclusion of trial. There accordingly is no showing of a Brady issue. See Commonwealth v. Camacho, 472 Mass. 587, 600 (2015) (Commonwealth's duty to disclose exculpatory evidence only applies to information in possession or subject to control of prosecutor).
b. Alleged ineffective assistance of counsel. The defendant also argues that trial counsel was ineffective in investigating Zabik's injuries, and by failing to cross-examine Zabik at trial. The defendant previously challenged the sufficiency of Zabik's evidence on direct appeal, and the argument was rejected. Henderson (No. 2), supra. The defendant also made a similar ineffective assistance of counsel argument in his second motion for a new trial, which was denied and from which no appeal was taken. The current iteration of this argument is not supported in the record. There is no affidavit from trial counsel regarding whether he did or did not investigate Zabik's injuries, or regarding his trial strategy as to the cross-examination. See Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014) (when there is no affidavit provided from former counsel, judge can reasonably draw negative inference and conclude there is no affidavit because truthful affidavit would not assist defendant); Commonwealth v. Lys, 91 Mass. App. Ct. 718, 722 (2017).
Moreover, the defendant's argument is based upon the notion that the Commonwealth failed to prove that the victims suffered personal injuries that were "more than transient and trifling," and that defense counsel failed to properly investigate or exploit the Commonwealth's alleged failure. Commonwealth v. Burno, 396 Mass. 622, 627 (1986). But there were two persons who testified to being injured in the incident, not just Zabik, and the defendant's arguments do not address the other injured party. And in any event it is uncontested that the collision caused Zabik's car to spin 180 degrees in the roadway, and that Zabik was transported to the hospital on a backboard. There was accordingly considerable evidence corroborating Zabik's own testimony that he suffered injury that was more than trifling, and tending to explain trial counsel's decision not to cross-examine Zabik. It was well within the discretion of the motion judge, who was also the trial judge, to reject this argument. See generally Commonwealth v. Lucien, 440 Mass. 658, 670 (2004) (reversal for abuse of discretion is rare where motion judge is also trial judge).
We have carefully considered each of the defendant's remaining arguments, and find them without merit.[3] The motion judge did not abuse his discretion in denying the defendant's motion for a new trial.
Order denying motion for new trial affirmed.

In violation of G. L. c. 90, §§ 24(2)(a ) and (24)(2) (a 1/2)(1), and G. L. c. 265, § 15A(b ), respectively. The jury also convicted on one count of receiving a stolen motor vehicle, in violation of G. L. c. 266, § 28(a ).

The defendant also argues that appellate counsel provided ineffective assistance for his direct appeal by failing to investigate and to raise an argument of ineffective assistance of trial counsel, again largely focused on the testimony of Zabik. Here as well, the defendant has not provided an affidavit from appellate counsel. Moreover, the record contains a communication from appellate counsel to the defendant explaining specifically why an ineffective assistance claim was not raised on direct appeal, which was that the defendant wished to pursue the direct appeal expeditiously.