This is an appeal from a conviction of negligent operation of a motor vehicle.[2] The defendant contends that the evidence was insufficient to support the conviction, and that the judge's instructions, which incorporated the model jury instruction defining negligent operation, were contrary to the plain meaning of the statute. We affirm.
Background. Viewed in the light most favorable to the Commonwealth, the evidence was as follows. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). The defendant drove a car in light traffic on a three-lane section of Route 495 on an early evening in June of 2016. In the span of approximately five to seven minutes, she swerved several times out of the right lane and into the breakdown lane. From the right lane, she signaled left, switched to the middle lane, then into the left lane, and back to the middle. Her speed dropped to approximately fifteen miles per hour below the posted speed limit, requiring the car behind her to slow down to avoid a rear-end collision. When a State police trooper activated her vehicle's lights, the defendant stopped in the right travel lane. The trooper approached the car and asked the defendant to move into the breakdown lane. The defendant moved the car farther right, but part of the car still remained in the travel lane. The trooper again asked the defendant to pull into the breakdown lane, which she accomplished on the third attempt. The trooper smelled alcohol on her breath and administered field sobriety tests. The defendant was unable to perform them in the manner requested.
Discussion. The Legislature has defined negligent operation of a motor vehicle as the operation of a motor vehicle "upon any way or in any place to which the public has a right of access, or any place to which members of the public have access as invitees or licensees, ... negligently so that the lives or safety of the public might be endangered ...." G. L. c. 90, § 24 (2) (a ). "[U]nder the statute, it is not the duration of negligent operation or the proximity of the public but 'the operation of the vehicle itself that is the crime.' " Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007), quoting Commonwealth v. Constantino, 443 Mass. 521, 526 (2005).
Here the evidence of erratic driving was sufficient to prove the elements of the offense of negligent operation of a motor vehicle beyond a reasonable doubt. The car was drifting between lanes. At one point it inexplicably slowed to a speed of fifty miles per hour, a change of speed which required the car behind it to slow substantially to avoid a collision. When the defendant tried to pull into the breakdown lane, half the car remained in the roadway, presenting a danger to any oncoming motorist. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379-380 (2017). Furthermore, "[t]he fact that the jury ultimately did not convict the defendant of OUI does not preclude their consideration of the evidence of intoxication in considering the negligent operation charge." Id. at 380, citing Commonwealth v. Robicheau, 421 Mass. 176, 177, 181 (1995), and Commonwealth v. Elliffe, 47 Mass. App. Ct. 580, 583 (1999).
Instruction. Tracking the Model Jury Instructions for Use in the District Court, Instruction 5.240 (2009), the judge instructed the jurors as follows:
"The [d]efendant acted negligently if she drove in a way that a reasonable person would not have and by doing so created an unnecessary danger to other people, a danger that she could have avoided by driving more carefully.
"A person can be found to have driven negligently if no accident resulted and even if there was no one else actually on the road to be put in danger. A person is negligent if she drives in a way that has a potential to cause an accident or to endanger anyone who might be on the road."
The defendant contends that this instruction is erroneous because it permits the jury to convict when there are no other drivers on the roadway, contrary to the intent of the Legislature.
It has long been the law that the crime of negligent operation of a motor vehicle may be proven by showing that the driver operated negligently so as to place another in danger. See Constantino, supra. It is not necessary that other drivers or pedestrians be on the roadway at the precise moment that a police officer or other witness observes the negligent driver's operation of the vehicle.[3] "The statute only requires proof that the lives or safety of the public might be endangered, not that they were endangered." Commonwealth v. Daley, 66 Mass. App. Ct. 254, 256 (2006).
The Legislature has revisited and amended the statute in 2010, 2012, and 2013 after Constantino, supra, Ferreira, supra, and Daley, supra, leaving unchanged the provision under which the defendant was convicted. G. L. c. 90, § 24, as amended through St. 2010, c. 155, § 11; St. 2012, c. 139, §§ 97-100; and St. 2013, c. 38, § 80. Where the Legislature does not depart from its previous enactments, and the enactments have been judicially construed, the Legislature is presumed to have "adopted the judicially declared meaning." Rugg v. Town Clerk of Arlington, 364 Mass. 264, 266-267 (1973). See Randall's Case, 331 Mass. 383, 386 (1954) (where Legislature "used words which had been previously defined by judicial determination it is presumed to have adopted such definitions unless the contrary distinctly appears").
Finally, we decline the defendant's request to review the precedent of the Supreme Judicial Court. The "Appeals Court has 'no power to alter, overrule or decline to follow the holding of cases the Supreme Judicial Court has decided.' " Commonwealth v. Vasquez, 456 Mass. 350, 357 (2010), quoting Commonwealth v. Dube, 59 Mass. App. Ct. 476, 485-486 (2003). "[U]nless overruled by the Legislature or the Supreme Judicial Court, [the] Appeals Court is bound by existing doctrine." Dube, supra at 485, citing Gerber v. Worcester, 1 Mass. App. Ct. 811 (1973).
Judgment affirmed.

The defendant was acquitted of operating a motor vehicle while under the influence of alcohol (OUI).

Of course here, both a police officer and another driver were on the roadway. The jury were permitted to find that the other driver was endangered by the defendant's erratic operation of the motor vehicle.