Commonwealth *v.* Green.

COMMONWEALTH *vs.* DAVID S. GREEN.

Essex. April 5, 1990. - July 12, 1990.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Motor Vehicle*, Operating under the influence. *Narcotic Drugs. Controlled Substances. Evidence*, Judicial notice. *Statute*, Construction. *Words*, "Narcotic drug."

Where, although the judge at the trial of a defendant charged with operating a motor vehicle under the influence of "narcotic drugs. . .as defined in [G. L. c. 94C, § 1]" could have taken judicial notice that the substance in question, codeine, is a derivative of opium, the judge did not take judicial notice of that fact, even when requested to do so, this court concluded that proof that codeine is derivative of opium was not made at trial and may not now be made by taking judicial notice of that fact at the appellate level. [49-50]

A criminal defendant charged with operating a motor vehicle while under the influence of "narcotic drugs . . . as defined in [G. L. c. 94C, § 1]" was entitled to a required finding of not guilty, where the evidence at trial did not show that the substance in question, codeine, is a narcotic drug as defined in c. 94C, § 1, and where § 1 does not make it so by its terms. [50-51]

COMPLAINT received and sworn to in the Lawrence Division of the District Court Department on April 13, 1988.

In the jury session of the Haverhill Division, a pretrial motion to suppress evidence was heard by *William H. Sullivan*, J., and the case was tried before him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Donald S. Sheldon* for the defendant.

*Margaret J. Perry*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of operating a motor vehicle while under the influence of narcotic drugs

(G. L. c. 90, § 24 [1988 ed.]). The evidence warranted a finding that, before his arrest, the defendant had consumed codeine for which he had a prescription. Chapter 90, § 24 (1)(a)(1), of the General Laws makes it an offense to operate a motor vehicle while under the influence of "narcotic drugs . . . as defined in [G. L. c. 94C, § 1]."[1] There was no direct evidence that codeine is a narcotic drug as defined in G. L. c. 94C, § 1.

The defendant moved for a required finding of not guilty. The trial judge denied the motion, erroneously ruling that "the law states that prescription drugs are narcotics." On appeal, the Appeals Court concluded, on different grounds, that the evidence was sufficient to warrant a guilty finding, but ordered a new trial because of reversible error on issues we need not consider. *Commonwealth* v. *Green*, 27 Mass. App. Ct. 762, 765, 771 (1989). That court concluded that codeine is a derivative of opium, and therefore is within the definition of a narcotic drug in G. L. c. 94C, § 1. It regarded the evidence as sufficient on two grounds: (1) a reading of G. L. c. 94C in its entirety, not just § 1 of that chapter, shows that in G L. c 94C the Legislature treated codeine as a narcotic drug (*id.* at 765-767), and (2) a judge may appropriately take judicial notice that codeine is a derivative of opium and thus is a narcotic drug as defined in § 1 (*id.* at 767-769).

---

[1]Chapter 94C, § 1, defines "narcotic drug" as "any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

(a) Opium and opiate, and any salt, compound, derivative, or preparation of opium or opiate;

(b) Any salt, compound, isomer, derivative, or preparation thereof which is chemically equivalent or identical with any of the substances referred to in clause (a), but not including the isoquinoline alkaloids of opium;

(c) Opium poppy and poppy straw;

(d) Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, isomer, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions of coca leaves which do not contain cocaine or ecgonine."

We agree with the Appeals Court that the trial judge could have taken judicial notice that codeine is a derivative of opium,[2] but he did not take judicial notice of that fact, even when requested to do so. It is inappropriate to supply an essential element of proof by taking judicial notice of a fact at the appellate level. See *Commonwealth* v. *Kingsbury*, 378 Mass. 751, 755 (1979) ("We would not supplement the Commonwealth's proof on appeal by taking judicial notice of a fact not submitted to the jury"). We thus conclude that proof that codeine is derivative of opium was not made at trial and may not now be made by the taking of judicial notice by this court.

Consequently, the evidence was sufficient to warrant the defendant's conviction only if, as a matter of law, G. L. c. 94C, § 1, includes codeine within the definition of "narcotic drugs." Section 1 defines a "narcotic drug" to include derivatives of opium, but it says nothing about codeine itself. Section 24 (1)(a)(1) of G. L. c. 90 directs us only to the definition of "narcotic drug" in § 1 of G. L. c. 94C, not to all of G. L. c. 94C. Consideration of the status of codeine in G. L. c. 94C as a whole would be contrary to the explicit direction of G. L. c. 90, § 24 (1)(a)(1), and inconsistent with this court's traditional policy that we construe criminal statutes narrowly against the Commonwealth. See *Commonwealth* v. *Marrone*, 387 Mass. 702, 706 (1982); *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978), and cases cited.[3] Because the evidence did not show that codeine is a narcotic drug as defined in G. L. c. 94C, § 1, and because § 1 does not make it so by its terms, the defendant's motion for a required finding of not guilty should have been allowed. The Commonwealth could have easily met its burden of

---

[2]We do not agree that judicial notice that codeine is a derivative of opium could be taken as a matter of common knowledge. *Id.* at 767. On the other hand, it is a subject of generalized knowledge readily ascertainable from authoritative sources, and thus appropriate for judicial notice. See *Commonwealth* v. *Whynaught*, 377 Mass. 14, 17-18 (1979).

[3]If codeine had been defined by statute as a narcotic drug, judicial notice of that fact would have been neither necessary nor appropriate.

proof that codeine was a derivative of opium by presenting expert testimony.

The judgment is reversed. The verdict is set aside. Judgment shall be entered for the defendant.

*So ordered.*