COMMONWEALTH *vs.* STEPHEN E. FINEGAN. No. 97-P-1855. September 21, 1998. *Narcotic Drugs. Controlled Substances. Evidence,* Judicial notice. *Practice, Criminal,* Required finding. *Words,* "Narcotic drug."

The defendant was convicted after trial by jury of operating a motor vehicle under the influence of narcotic drugs. G. L. c. 90, § 24. On appeal, the defendant claims error in three respects: (a) that the opinions of the police officer concerning the use of tin foil and needles for the injection of heroin and the nature of certain marks on the defendant's arms were improperly admitted; (b) that the stop and frisk of the passenger which produced hypodermic needles was unlawful; and (c) that the evidence was insufficient to support a finding of guilty insofar as there was no evidence from which a rational trier

---

of fact could have found beyond a reasonable doubt that the defendant was under the influence of a narcotic drug as defined under G. L. c. 94C, § 1. The first two claims of error are without merit. As to the third, however, there is no meaningful factual distinction between this case and *Commonwealth* v. *Green*, 408 Mass. 48 (1990), and on the authority of *Green*, we are constrained to reverse.

We assume without deciding that the evidence warranted a finding that, before his arrest, the defendant had ingested heroin. Chapter 90, § 24(1)(*a*)(1) of the General Laws makes it an offense to operate a motor vehicle while under the influence of "narcotic drugs . . . as defined in [G. L. c. 94C, § 1]."[1] Section 1 defines a "narcotic drug" to include derivatives of opium, but it says nothing about heroin itself. The only evidence offered at trial that touches on whether heroin is a narcotic drug as defined by G. L. c. 94C, § 1, is the following testimony from a police officer:

*Q.* "Have you been in your experience, have you been confronted with heroin?"

*A.* "Yes, I have."

*Q.* "Have you been confronted with cocaine?"

*A.* "Yes."

*Q.* "And other narcotic drugs?"

*A.* "Yes."

This testimony was wide of the mark and is comparable to police testimony described in *Commonwealth* v. *Green*, 27 Mass. App. Ct. 762, 764 (1989), that the Supreme Judicial Court apparently did not consider adequate when it stated that "[t]here was no direct evidence that codeine is a narcotic drug as defined in G. L. c. 94C, § 1." *Commonwealth* v. *Green*, 408 Mass. at 49.

The defendant moved for a required finding of not guilty on two grounds,

---

[1]Chapter 94C, § 1, defines "narcotic drug" as "any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

"(a) Opium and opiate, and any salt, compound, derivative, or preparation of opium or opiate;

"(b) Any salt, compound, isomer, derivative, or preparation thereof which is chemically equivalent or identical with any of the substances referred to in clause (a), but not including the isoquinoline alkaloids of opium;

"(c) Opium poppy and poppy straw;

"(d) Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, isomer, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions or coca leaves which do not contain cocaine or ecgonine."

citing *Green*, 408 Mass. 48, in support of his second claim that there was no evidence that heroin was a narcotic drug as defined in G. L. c. 94C, § 1. The trial judge denied his motion without comment on this second claim, focusing solely on the first ground, viz., whether there was evidence that he was under the influence of heroin.

The trial judge could have taken judicial notice that heroin is a derivative of opium, since it is a "subject of generalized knowledge readily ascertainable from authoritative sources, and thus appropriate for judicial notice." *Green*, *supra* at 50 n.2. The judge was not requested to take judicial notice and we think it plain that he did not do so sua sponte. We reject any suggestion that he did so implicitly since, even if such were ever permissible, a point we need not reach, this was a jury trial and the judge was constrained to have submitted expressly to the jury any factual matters of which he took judicial notice. *Commonwealth* v. *Kingsbury*, 378 Mass. 751, 755 (1979). We think *Commonwealth* v. *Green*, *supra*, controls in all material respects and that the defendant's motion for a required finding of not guilty should have been allowed.

The judgment is reversed. The verdict is set aside. Judgment shall be entered for the defendant.

*So ordered.*

*Thomas M. Glynn* for the defendant.

*Michele T. Perillo*, Special Assistant District Attorney, for the Commonwealth.


