NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

14-P-492                                      Appeals Court

COMMONWEALTH  vs.  MANUEL W. SOUSA.

No. 14-P-492.

Middlesex.     February 4, 2015. - August 14, 2015.

Present:  Katzmann, Meade, & Rubin, JJ.


Controlled Substances.  Motor Vehicle, Operating under the
     influence, Operation.  Statute, Construction.


     Complaint received and sworn to in the Malden Division of
the District Court Department on September 19, 2011.

     The case was heard by Dominic J. Paratore, J.


     Christopher L. Maclachlan for the defendant.
     Melissa Weisgold Johnsen, Assistant District Attorney, for
the Commonwealth.


     KATZMANN, J.  After a bench trial, a District Court judge

found the defendant guilty of operating a motor vehicle while

under the influence of drugs and negligent operation of a motor

vehicle.  On appeal, the defendant argues insufficient evidence

for both convictions.  We reverse the conviction of operating

while under the influence of drugs, concluding that that the

Commonwealth presented insufficient evidence that the defendant was under the influence of a prohibited substance, as defined under the relevant statute, G. L. c. 94C, § 1.  We affirm the conviction of negligent operation.

Facts.  Under the familiar standard, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the judge could have found the following.  On September 18, 2011, the defendant, Manuel Sousa, was driving a motor vehicle down a public street in the city of Malden.  A bystander observed his vehicle roll past a stop sign without stopping and then stop suddenly in the middle of an intersection.  The defendant, who appeared to be asleep or "passed out," was leaning back in the driver's seat. The bystander approached the vehicle, and the defendant sat up, placed a device to his mouth, and then sped off.  The bystander then called the police and, while waiting for someone to arrive, observed the vehicle continuing to start and stop while traveling on a side street.  When police Officer Philip Halloran arrived, he approached the vehicle, which was parked in the middle of a two-way street and had its engine running.  Officer Halloran could see that the defendant was reclined in his seat behind the steering wheel.  He saw the defendant reach down and place an aerosol canister to his mouth and spray.  Officer Halloran ordered the defendant to turn off the engine and to get out of the vehicle.  The defendant did not acknowledge the

command and instead placed the vehicle in drive.  Officer Halloran drew his weapon and ordered the defendant to put the vehicle in park.  The defendant, with a bewildered look on his face, complied.  Officer Halloran ordered the defendant out of the vehicle; he did not comply and did not appear to understand the command.

Officer Halloran retrieved two aerosol canisters from the vehicle, including the one that the defendant drew to his mouth and sprayed.  At trial, Officer Halloran testified that they were computer cleaners, and he read aloud the contents of the canister from its label.  The label stated that the canister contained difluoroethane.

Discussion.  1.  We first address the conviction of operating a motor vehicle while under the influence of drugs. General Laws c. 90, § 24(1)(a)(1), as appearing in St. 1994, c. 25, § 3, provides, in pertinent part, that whoever operates a motor vehicle on a public way "while under the influence of . . . narcotic drugs, depressants or stimulant substances, all as defined in section one of chapter ninety-four C, or the vapors of glue shall be punished . . . ."  The Commonwealth argues on appeal that the contents in the aerosol canister, from which the defendant inhaled, fall within the scope of the statute.  Appropriately abandoning its theory at trial that the evidence supported that the defendant was driving under the

influence of "vapors of glue," on appeal -- pointing to a National Institutes of Health Web site -- the Commonwealth instead contends that difluoroethane is the chemical equivalent of ethylene fluoride, which, while not listed in G. L. c. 94C, § 1, is included as a proscribed substance in the motor vehicle power of arrest statute, G. L. c. 90, § 21.[1]  The Commonwealth contends that "it defies logic that the Legislature would afford police the authority to arrest a driver for operating under the influence of ethylene vapors, and identify such conduct as criminal under § 21, yet prohibit the prosecution thereof under § 24."  Arguing that statutes should be read harmoniously, the Commonwealth asserts that operating under the influence of ethylene fluoride must also be a prosecutable offense under G. L. c. 90, § 24(1)(a)(1).

"The crime, which is legislatively created, does not criminalize operation under the influence of all narcotics, stimulants, or depressants, but only those 'defined in section

_____

[1] General Laws c. 90, § 21, provides in pertinent part: "Any officer authorized to make arrests, provided such officer is in uniform or conspicuously displaying his badge of office, may arrest without a warrant and keep in custody for not more than twenty-four hours . . . any person . . . who the officer has probable cause to believe has operated or is operating a motor vehicle while under the influence of intoxicating liquor, marihuana or narcotic drugs, or depressant or stimulant substances, all as  defined in section one of chapter ninety-four C, or under the influence of the vapors of glue, carbon tetrachloride, acetone, ethylene, dichloride, toluene, chloroform, xylene or any combination thereof . . . ." (emphasis supplied).

one of chapter ninety-four C.'  G. L. c. 90, § 24(1)(a)(1)."
Commonwealth v. Ferola, 72 Mass. App. Ct. 170, 170 (2008).  As
the defendant argues and the Commonwealth concedes, there is a
statutory omission in G. L. c. 90, § 24(1)(a)(1), and in G. L.
c. 94C, § 1:  the substance in issue, difluoroethane, is not
defined as a prohibited substance.

"Our primary duty in interpreting a statute is 'to
effectuate the intent of the Legislature in enacting it.'"
Campatelli v. Chief Justice of the Trial Ct., 468 Mass. 455, 464
(2014), quoting from Water Dept. of Fairhaven v. Department of
Envtl. Protection, 455 Mass. 740, 744 (2010).  "Ordinarily,
where the language of a statute is plain and unambiguous, it is
conclusive as to legislative intent."  Thurdin v. SEI Boston,
LLC, 452 Mass. 436, 444 (2008), and cases cited.  Here, the
omission does not create an ambiguity.  The statute is
unambiguous and is, therefore, "conclusive as to legislative
intent."  Ibid.  Thus, we need not, as the Commonwealth argues,
look to other sections of G. L. c. 90 to properly effectuate the
intended legislative purpose.  See Board of Educ. v. Assessor of
Worcester, 368 Mass. 511, 513-514 (1975); Commonwealth v. Smith,
431 Mass. 417, 421 (2000).  See generally R.A. Katzmann, Judging
Statutes 3-5, 29-31 (2014).

In fact, in 1971, the Legislature amended the statute and
eliminated several chemicals that had previously been defined in

the statute; the relevant eliminated substance here is ethylene. See St. 1971, c. 1071, § 4.  See also G. L. c. 90, § 24, as amended by St. 1971, c. 1007.[2]  Quite apart from the concern that inserting ethylene would be "inconsistent with this court's traditional policy that we construe criminal statutes narrowly against the Commonwealth," doing so "would be contrary to the explicit direction of G. L. c. 90, § 24(1)(a)(1)."  Commonwealth v. Green, 408 Mass. 48, 50 (1990).[3]  It is not the province of the courts to insert or read into the statute a term that the

---

[2] It appears that in 1963 both § 21 and § 24 bore the identical list of proscribed substances, including vapors of ethylene.  In 1971, however, § 24 was amended to include certain substances defined in c. 94C, § 1, but except for vapors of glue, the last seven chemicals were excluded from this amendment.

[3] As noted, case precedent instructs that operating under the influence of certain substances is meant to be criminalized, while operating under others is not, and if the substance at issue is not defined in G. L. c. 94C, § 1, as referenced by G. L. c. 90, § 24(1)(a)(1), or if there is no evidence that the substance is encompassed within a defined category prohibited by statute, the defendant may not be convicted of the crime.  See Green, supra at 49 (conviction reversed where there was no evidence that codeine was a narcotic drug as defined in G. L. c. 94C, § 1); Commonwealth v. Finegan, 45 Mass. App. Ct. 921, 923 (1998) (defendant's conviction of operating under the influence overturned because there was no evidence adduced at trial that the drug at issue, heroin, was a narcotic drug as defined in G. L. c. 94C, § 1); Ferola, 72 Mass. App. Ct. at 173-174 (although there was ample evidence that the defendant was operating a motor vehicle on a public way while under the influence of central nervous system depressants, klonopin and amitriptyline, the conviction was overturned because these substances were not included in G. L. c. 94C, § 1; even if the two substances fell into one of the categories of substances included in the statute, the Commonwealth had not provided any such proof).

Legislature has seen fit to omit; if the Legislature wishes to amend the statute, it can do so.  Pierce v. Christmas Tree Shops, Inc., 429 Mass. 91, 93 (1999); Commonwealth v. Smith, 431 Mass. at 425.

Finally, after concluding that the Commonwealth's statutory argument cannot prevail, we also note that there is no evidence in the record that ethylene fluoride is equivalent to ethylene, the chemical listed in the motor vehicle power of arrest statute.  Moreover, as has been noted, in asking this court to determine that difluoroethane is the equivalent of ethylene fluoride, the Commonwealth points to a National Institutes of Health Web site.  It is thus asking us to take judicial notice of an adjudicative fact at the appellate level; this we cannot do.  See Green, supra at 50 (while a judge could have taken judicial notice of the fact that codeine was a narcotic drug as defined in G. L. c. 94C, § 1, it was inappropriate "to supply [this] essential element of proof by taking judicial notice of a fact at the appellate level").

In sum, at trial the Commonwealth offered no evidence that difluoroethane, the chemical that was contained in the canister from which the defendant was inhaling, was the chemical equivalent of ethylene fluoride, or that either of those substances qualify as "glue" or any other prohibited substance

defined in the statute.  The judgment of operating under the influence of drugs is therefore reversed.

2.  Next, we address the conviction for negligent operation of a motor vehicle.  To prove that a defendant is guilty of negligent operation under G. L. c. 90, § 24(2)(a), the Commonwealth is required to establish beyond a reasonable doubt that a defendant operated a motor vehicle on a public way in a negligent manner that may have endangered the lives or safety of the public.  See Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004); Commonwealth v. Daley, 66 Mass. App. Ct. 254, 255 (2006).  The question is whether the defendant's driving had the potential to cause danger to the public, not whether it actually did.  See Commonwealth v. Constantino, 443 Mass. 521, 526-527 (2005); Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007).  The evidence showed that (1) the defendant's vehicle rolled through a stop sign and stopped suddenly while sticking out into an intersection; (2) the defendant appeared to be asleep or "passed out" while behind the wheel of a running vehicle on a public way; (3) the defendant's vehicle sped off down the street, abruptly starting and stopping repeatedly; (4) the defendant did not comply with and seemed to be unable to comprehend a police officer's commands; and (5) the defendant was observed by two witnesses putting an aerosol canister to his mouth, all supporting an inference that what he was inhaling

contributed to his unconscious state.  We conclude that there was sufficient evidence to allow a rational trier of fact to find, beyond a reasonable doubt, that the defendant negligently operated a motor vehicle.

Therefore, the judgment on the count for operating a motor vehicle while under the influence of drugs is reversed, the finding is set aside, and judgment shall enter for the defendant.  The judgment on the count for negligent operation of a motor vehicle is affirmed.

So ordered.