Following a jury trial in the District Court, the defendant was convicted of operating a motor vehicle while under the influence of drugs, in violation of G. L. c. 90, § 24(1)(a )(1), and negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24(2)(a ).[2] On appeal, the defendant challenges the sufficiency of the evidence and the admission of the results of a toxicology test that showed the presence of barbiturates, benzodiazepines, and cannabinoids in his urine.
Background. We summarize the facts the jury could have found in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). In the early afternoon on December 13, 2014, the defendant was found unconscious in the driver's seat of a car on Clifford Road in the town of Plymouth. Clifford Road is a narrow, winding two-lane residential road; the lanes of travel are separated by two solid yellow lines. The car, which was mostly off the pavement and resting at an incline on an embankment on the side of the road, was facing opposite the direction of traffic and its engine was running. Plymouth police Officer Dana Goodwin was dispatched to the scene in response to a 911 call placed by a passing motorist. A second officer, Plymouth police Officer Dennis Ward, and additional emergency personnel arrived immediately after Goodwin. The officers observed that the defendant was turning blue, he had "frothy mucous around his nose and mouth," his eyes appeared to be "rolled back into his head," and his breathing was labored. The car doors were locked, forcing Goodwin to break the windows to enter the car. The officers observed a spoon with black burn marks laying on the open lid of the glove box and an empty, uncapped "needle syringe" on the front passenger seat. These items indicated the use of heroin and other illegal drugs.
The defendant was removed from the car and transported to a hospital, where he was given two doses of Narcan and regained consciousness five minutes later. At the hospital, the defendant reported that he had taken four Xanax and had injected heroin prior to passing out. The examining physician ordered a toxicology test of the defendant's urine, which showed the presence of barbiturates, benzodiazepines, and cannabinoids, but the absence of opiates. Those test results were included in the defendant's medical records, which were admitted over objection and without testimony.
Discussion. 1. Sufficiency of the evidence. Although the defendant had admitted to ingesting heroin and Xanax, the Commonwealth did not present any evidence that either substance is classified as a drug under G. L. c. 94C, § 1. See Commonwealth v Green, 408 Mass. 48, 49 (1990) (Commonwealth failed to present evidence that codeine was a narcotic drug under G. L. c. 94C, § 1 ); Commonwealth v. Finegan, 45 Mass. App. Ct. 921, 922-923 (1998) (Commonwealth failed to present evidence that heroin was a narcotic drug under G. L. c. 94C, § 1 ). Therefore, there was insufficient evidence to demonstrate that the defendant was operating a motor vehicle under the influence of drugs. As the Commonwealth appropriately concedes, the defendant's motion for a required finding of not guilty on this count should have been allowed.
We reach a different conclusion with respect to the defendant's remaining conviction, because there was sufficient evidence that the defendant negligently operated a motor vehicle. To sustain a conviction of negligent operation, the Commonwealth must prove that the defendant operated a motor vehicle negligently on a public way so as to endanger the lives or safety of the public. See G. L. c. 90, § 24(2)(a ). The statute requires proof that the defendant's conduct might have endangered the safety of the public, not that it in fact did. Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 923 (2004). The defendant does not dispute that he operated a motor vehicle on a public way. He argues that the absence of any direct evidence of the circumstances preceding the discovery of his car on the side of the road precluded a rational trier of fact from concluding that his conduct might have endangered public safety. We disagree.
It was both reasonable and permissible for the jury to infer that the defendant operated his motor vehicle in a negligent manner from the evidence that the accident occurred in the middle of the day with no apparent cause other than the fact that the defendant lost consciousness after consuming heroin and Xanax. Whether the defendant passed out before or after the car stopped is of no consequence given the undisputed evidence that, at some point, the defendant drove the car over the two solid yellow lines and through the lane of oncoming traffic, and then stopped on the wrong side of the road facing opposite the direction of traffic. Nor is it significant, as the defendant suggests, that no one testified to having observed the defendant drive negligently. See Commonwealth v. Constantino, 443 Mass. 521, 526-527 (2005) ("a person may operate a vehicle in such a way that would endanger the public although no other person is on the street").
2. Admission of laboratory test results. Relying on our decision in Commonwealth v. Shellenberger, 64 Mass. App. Ct. 70 (2005), the defendant argues that his negligent operation conviction must be reversed because the admission of the results of the toxicology test without concentration levels or expert testimony resulted in prejudicial error. Assuming without deciding that the test results were admitted erroneously, reversal of the negligent operation conviction is not warranted where, as here, we can say with "fair assurance" that the error "did not influence the jury, or had but very slight effect." Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). See Commonwealth v. Carriere, 470 Mass. 1, 7-8 (2014). Ample properly admitted evidence permitted an inference that the defendant consumed drugs before or while he was operating the car.[3] As such, it is doubtful that the results of the toxicology test had any effect on the jury's deliberations. See Commonwealth v. Constantino, 443 Mass. 521, 526 (2005) (under G. L. c. 90, § 24 [2][a ], "it is the operation of the vehicle itself that is the crime"). See also Commonwealth v. Lampron, 65 Mass. App. Ct. 340, 344 (2005) (admission of facially unreliable toxicology report did not require reversal in light of other evidence demonstrating alcohol intoxication).
Conclusion. The judgment on the count of operating a motor vehicle while under the influence of drugs is reversed, the verdict is set aside, and judgment shall enter for the defendant. The remaining judgment is affirmed.
So ordered.
Reversed in part; affirmed in part.

The defendant was found not responsible for a marked lanes violation.

This evidence included the defendant's admission that he had consumed heroin and Xanax, his condition at the time of the incident (unconscious, frothy mucous around his mouth and nose, and eyes "rolled back"), the presence in the car of items (spoon and empty needle syringe) indicating the use of heroin, and the administration of, and the defendant's positive response to, Narcan.