After a jury trial in the District Court, the defendant, Michael Roach, was convicted of negligent operation of a motor vehicle and acquitted of operating while under the influence of alcohol (OUI).[2] On appeal, the defendant argues (1) the evidence was insufficient to sustain the conviction; and (2) a jury instruction on negligent operation should include the requirement that the offense occur within an "ascertainable proximity to another person," and the failure to include such a requirement here was error. We conclude that the evidence was sufficient to sustain the conviction and that the jury were correctly instructed, and therefore affirm.
Background. Viewing the evidence in the light most favorable to the Commonwealth, the jury could have found the following facts. At about 1:30 A.M. on Sunday, November 21, 2015, after attending a party, the defendant was driving in an area in which there was at least one business, an East Longmeadow police officer on routine patrol, and very light traffic. Officer Healey observed the defendant's vehicle veer into the opposite lane of travel before being "jerk[ed]" back into the correct lane. The defendant also markedly accelerated and decelerated his speed and, when signaled to stop by Healey, drove onto the curb, parked his vehicle at a forty-five degree angle to the roadside, failed to move his vehicle despite the officer's instructions, and failed to produce his registration or proof of insurance. Evidence of excessive alcohol consumption included bloodshot glassy eyes, slurred speech, lack of balance, difficulty following directions, and poor performance on three field sobriety tests.
Discussion. 1. Sufficiency of the evidence. To prove negligent operation of a motor vehicle under G. L. c. 90, § 24 (2) (a ), the Commonwealth must prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered. Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). On appeal the defendant limits his challenge to proof of the third element. The defendant's repeated erratic operation of his vehicle at night, constituting more than a single momentary lapse of attention, increased the probability of a collision with objects, whether natural, man-made, or human, that may have come within his path. See Commonwealth v. Campbell, 394 Mass. 77, 83 n.5 (1985) ("violation of a statute, such as the one governing the speed limit, is not negligence per se, [but] it can validly be considered, in combination with other evidence, in determining negligence"). See also Ross, supra at 380; Commonwealth v. Sousa, 88 Mass. App. Ct. 47, 51 (2015). In addition, "[t]he fact that the jury ultimately did not convict the defendant of OUI does not[, contrary to the defendant's contention on appeal,] preclude their consideration of the evidence of intoxication in considering the negligent operation charge." Ross, supra. Rather, "especially in light of the defendant's intoxication, a reasonable jury could conclude that he acted negligently." Id. at 380-381.
2. Jury instruction. In this case, the judge's instruction to the jury on negligent operation tracked Instruction 5.240 of the Criminal Model Jury Instructions for Use in the District Court (2009) in all material respects. The defendant argues however, for the first time on appeal, that the instruction ought to include a requirement of "proximity to endangerment, [specifically] ... possible contact with human beings" and that its failure to do so is error. To the extent the request is to ignore prior precedent, we have no authority to do so. See Commonwealth v. Constantino, 443 Mass. 521, 526-527 (2005) ; Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 33-36 (2007). See also Commonwealth v. Dube, 59 Mass. App. Ct. 476, 484-485 (2003).
Judgment affirmed.

The judge ruled that the civil marked lanes infraction had been subsumed by the negligent operation conviction and entered a not responsible on that offense.