NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1261

COMMONWEALTH

vs.

JENNIFER L. SOULE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the District Court, the defendant was convicted of operating a motor vehicle while under the influence of narcotic drugs, in violation of G. L. c. 90, § 24 (1) (a) (1).[1] On appeal, she claims that her motion for a required finding of not guilty should have been allowed because there was no evidence from which a rational trier of fact could have found beyond a reasonable doubt that she was under the

---

[1] The defendant also was charged with negligent operation of a motor vehicle, two counts of possession with intent to distribute a class E substance (Adderall, Gabapentin, and Xanax), possession with intent to distribute a class C substance (Lorazepam), and possession with intent to distribute a class B substance (morphine). Immediately before trial, the defendant admitted to sufficient facts with respect to the charges of negligent operation of a motor vehicle and possession with intent to distribute morphine, and agreed she was responsible for a marked lanes violation. The judge dismissed the remaining charges at the request of the Commonwealth.

influence of a narcotic drug as defined by G. L. c. 94C, § 1 (§ 1). We agree and reverse the judgment of conviction.

Background. We summarize the facts as the judge could have found them, in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). At approximately 6:30 P.M., on January 7, 2020, Sergeant Patrick Mortimer of the Lancaster Police Department received a dispatch regarding the erratic operation of a motor vehicle on Route 117 and proceeded to that location. By the time he arrived, the vehicle in question had crossed over the marked divider into oncoming traffic and collided with another car. Sergeant Mortimer approached and spoke with the driver, subsequently identified as the defendant, who was outside of her car inspecting the damage. Sergeant Mortimer testified that the defendant "was acting very erratically. She was speaking very slowly and walking very slowly, then all of a sudden she was speaking very rapidly." The defendant began to walk quickly around her car to the point where Sergeant Mortimer became concerned that she might be hit by another vehicle. Sergeant Mortimer asked the defendant what happened, to which she responded that "she was driving home from work and her dog jumped into her lap, causing her to swerve." Sergeant Mortimer then asked if she was using any drugs. The defendant replied that she took Suboxone that morning and that she had a

2

prescription for it.  Thereafter, the defendant agreed to participate in some roadside assessments, which she could not complete to Sergeant Mortimer's satisfaction.  The defendant was arrested and transported to the police station.  The police subsequently found numerous pill bottles in the defendant's car and purse.  Sergeant Mortimer believed that Suboxone was also found in the car; the Suboxone was returned to the defendant because she had a prescription for it.[2]

Discussion.  The statutory crime of operating a motor vehicle while under the influence of narcotic drugs "does not criminalize operation under the influence of all narcotics, stimulants, or depressants, but only those 'defined in section one of chapter ninety-four C.'  Absent proof that the defendant's operation was impaired by a drug, depressant, or stimulant that is among those so defined, no statutory violation arises."  Commonwealth v. Ferola, 72 Mass. App. Ct. 170, 170 (2008), quoting G. L. c. 90, § 24 (1) (a) (1).

As an initial matter, we note that the defendant agrees that the evidence was sufficient to warrant a finding that she operated a motor vehicle on a public way and that her ability to operate the vehicle was impaired.  Her sole contention on appeal

_____

[2] An open container of marijuana was recovered from the vehicle's center console, but there was no indication of marijuana use and the defendant was not charged with any offenses related to the marijuana.

3

is that because there was no evidence that Suboxone, the substance she ingested, qualified as a prohibited substance under § 1, there could be no violation and, consequently, the judge erred when he denied her motion for a required finding of not guilty.

The Commonwealth acknowledges that it did not present any evidence that Suboxone is a narcotic drug that falls within the scope of § 1. It asserts, however, that it met its burden of proof because the judge took judicial notice of the fact that Suboxone is a prohibited substance as defined by the statute. We assume without deciding that the judge could have taken judicial notice that Suboxone is such a substance since that fact is a "subject of generalized knowledge readily ascertainable from authoritative sources, and thus appropriate for judicial notice."[3] Commonwealth v. Finegan, 45 Mass. App. Ct. 921, 923 (1998) (quotation omitted). However, it is not clear that the judge did so here.

_____

[3] We note that approximately two years before the trial in this case, in Commonwealth v. Rodriguez, 484 Mass. 1047, 1047 (2020), the Supreme Judicial Court referred to Suboxone as a class B substance. In addition, in Care & Protection of Zeb, 489 Mass. 783, 784 n.2 (2022), the Supreme Judicial Court explained that "Suboxone is the brand name of a medically based treatment product containing buprenorphine and naloxone, prescribed for the treatment of opioid dependence."

4

There is no question that the judge was not requested to take judicial notice regarding Suboxone,[4] and the judge never stated that he was doing so.  The Commonwealth does not argue otherwise.  Instead, the Commonwealth contends that the judge implicitly took judicial notice.  In support of its position, the Commonwealth relies on an exchange between the judge and defense counsel during defense counsel's argument for a required finding of not guilty.  During that exchange, defense counsel argued that the Commonwealth had not "presented any proof or testimony relating to the type of drug, class of drug," and the judge responded by asking, "Didn't [the Commonwealth] indicate that [the defendant] had admitted that it was Suboxone?" The prosecutor argued:  "[Suboxone] is a controlled substance under both the controlled substances laws as well as OUI drugs. And therefore, certainly the Commonwealth has met its burden at this time."  Thereafter, in his closing argument the prosecutor asserted that Suboxone is a controlled substance.

According to the Commonwealth, the judge's question to defense counsel regarding the defendant's admission to having taken Suboxone demonstrates that the judge believed Suboxone was a narcotic drug, and because the judge subsequently denied the

---

[4] Generally, when a party intends to rely on judicial notice to establish a particular fact, the party files a motion in limine outlining the request and the reasons for it.

5

motion for a required finding of not guilty and then (following the Commonwealth's closing) found the defendant guilty, he necessarily took judicial notice that Suboxone was a prohibited substance under § 1.

The Commonwealth's argument is not without force. However, the record does not provide a sufficient basis from which we can conclude that the judge took judicial notice as the Commonwealth now asserts. The Commonwealth did not raise the issue before trial or during its case in chief, and the judge did not make any explicit ruling regarding the nature of Suboxone sua sponte. Put simply, in a criminal case where the defendant's liberty is at stake, more than what has been shown here is required, even in the context of a jury-waived trial.[5]

Furthermore, even if we were to assume that a judge can take judicial notice implicitly, a point we need not reach, see Finegan, 45 Mass. App. Ct. at 923, it is well-settled that judicial notice should not be taken when the parties do not have

_____

[5] We presume, as the law requires, that the judge correctly instructed himself on the law. See Commonwealth v. Garvey, 99 Mass. App. Ct. 139, 143 (2021). However, that the judge knows the law does not necessarily mean that he took judicial notice of a fact without being requested to do so. We note that in denying the defendant's motion for a required finding of not guilty, the judge referred to Commonwealth v. Johnson, 59 Mass. App. Ct. 164 (2003), in which this court concluded that a pill book purchased at a CVS pharmacy was not an appropriate subject for judicial notice. Because it is not clear whether the judge was relying on that ruling or distinguishing it, we take nothing from his reference to it.

notice.  See Commonwealth v. Hilaire, 92 Mass. App. Ct. 784, 789 (2018) ("Even in situations where judicial notice is appropriate, it should not be taken without notice to the parties and an opportunity to be heard").  Here, it is undisputed that the defendant received no notice that the Commonwealth intended to request that the judge take judicial notice that Suboxone is a prohibited substance and, as a result, he was not given an opportunity to be heard on the issue.

In short, the Commonwealth did not meet its burden of demonstrating that the drug that the defendant admitted she had taken and that impaired her ability to operate her vehicle was a narcotic drug, depressant, or stimulant substance as defined by § 1.  The defendant's motion for a required finding of not guilty should have been allowed.  The judgment is reversed, the finding is set aside, and judgment shall enter for the defendant.

> So ordered.
>
> By the Court (Vuono, Meade & Walsh, JJ.[6]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  December 27, 2023.

---

[6] The panelists are listed in order of seniority.