NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1443

COMMONWEALTH

vs.

RUBEN M. CORPORAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant was found guilty of negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24 (2) (a).[1]  The sole issue on appeal concerns the sufficiency of the evidence. Viewing the evidence in the light most favorable to the Commonwealth, as we must under Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), we conclude that the Commonwealth met its burden of proof and affirm the conviction.

---

[1] The defendant was found not guilty of operating a motor vehicle while under the influence of alcohol and not responsible for a marked lane violation and driving at a speed exceeding the speed limit.

At around midnight on July 24, 2018, Weymouth police officer, Joseph Sgambato, was in his cruiser observing traffic from a parking lot at the intersection of Bridge Street and Johnson Road when the defendant drove past him "at a very high rate of speed." Officer Sgambato followed the car a short distance and, based on his own speed, estimated the defendant was driving at ninety miles per hour. At one point, the defendant crossed over the road's double yellow line. Officer Sgambato activated his blue lights and the defendant pulled over into a nearby parking lot. Officer Sgambato approached the defendant, who was sitting in the driver's seat and detected a "strong odor" of alcohol. When asked to produce his license and registration, the defendant was unable to do so. The defendant "acknowledged that he was going very fast," and answered "[y]es" when asked if he had anything to drink that night. There were two passengers in the car, neither of whom has any interaction with Officer Sgambato.

Discussion. To sustain its burden of proving negligent operation of a motor vehicle, the Commonwealth must prove, beyond a reasonable doubt, that the defendant "(1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or safety of the public might be endangered." Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019). The defendant challenges the sufficiency of the Commonwealth's

2

evidence as to the third element only.  He claims that because he did not cause an accident, collision, or injury, the fact that he was speeding or had consumed alcohol is inconsequential.

The defendant's argument is based on a misunderstanding of the law.  "The question is whether the defendant's driving had the potential to cause danger to the public, not whether it actually did."  Commonwealth v. Sousa, 88 Mass. App. Ct. 47, 51 (2015).  Thus, it matters not, as the defendant asserts, that his speeding or drinking did not cause any harm.  Nor was the Commonwealth's evidence rendered insufficient due to the fact that "the streets were devoid of people and traffic." Here, evidence of speeding and crossing over a double yellow line combined with evidence that the defendant had consumed alcohol was sufficient to establish that the defendant's driving had the potential to cause danger.  This conclusion is bolstered by the fact that there were two passengers in the defendant's car.

See Commonwealth v. Kaplan, 97 Mass. App. Ct. 540, 544 (2020) ("public" may include persons inside car); Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380-381 (2017).  Accordingly, the Commonwealth met its burden of proving the defendant's guilt beyond a reasonable doubt.

Judgment affirmed.

By the Court (Vuono, Brennan & D'Angelo, JJ.[2]),

Clerk

Entered:  March 12, 2025.

---

[2] The panelists are listed in order of seniority.

4